**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DELTON LEE HENDRIX,** | ) | |
| **ID # 1372186,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:08-CV-813-M** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred to the United States Magistrate Judge. Before the Court is a pleading entitled *Motion for Forfeitures*, received on October 20, 2008 (doc. 19). Petitioner requests "forfeiture" because the respondent failed to timely file his answer and the reasons for the failure (set out in a motion for leave to answer out of time) are allegedly untrue. The Court construes petitioner's motion as a motion for default judgment based on the untimely answer.

This is a habeas action commenced pursuant to 28 U.S.C. § 2254. The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) do not contemplate default motions. Although Rule 11 of those rules permits the Court to apply the Federal Rules of Civil Procedure when appropriate, the Fifth Circuit has expressly found that "[d]efault judgments are not appropriate in habeas corpus cases," and that a habeas petitioner is not entitled to release because of an untimely answer by the state. *Lemons v. Collins*, 992 F.2d 326, at *1 (5th Cir. 1993) (table); *see also Miller v. Quarterman*, No. 1:06cv560, 2008 WL 4114930, at * 1 (E.D. Tex. Sept. 2, 2008), slip copy; *Mitchell v. Quarterman*, No. C-08-52, 2008 WL 3001636, at * 1 (S.D. Tex. Aug. 1, 2008), slip copy. Moreover, on September 2, 2008, this Court granted respondent leave to file his

answer out of time, and he filed his answer on September 22, 2008. For these reasons, the motion for default judgment should be denied.

## RECOMMENDATION

Petitioner's motion for default judgment should be **DENIED**.

**SIGNED this 22nd day of October, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE